**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

ANAEL CASTRO-HERNANDEZ                                                                      PLAINTIFF
ADC #159201

v.                                          2:20-cv-00225-LPR-JJV

ARKANSAS DEPARTMENT OF CORRECTION; *et al.*                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Anael Castro-Hernandez ("Plaintiff") is a prisoner in the Delta Regional Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that, in 2016 and 2017, Defendants violated his constitutional rights while he was in the East Arkansas Regional Unit ("EARU").

1

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983

(1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff says he was seriously burned while working in the EARU kitchen in February 2016, August 2016, December 2016, and January 2017 because Defendant Supervisor Tanya Timmons refused to give him proper safety equipment. (Doc. 2.) According to Plaintiff, Defendant Timmons also threatened to issue a false disciplinary charge against him and transfer him to field duty if he refused to sign a sheet indicating he had received safety training. (*Id*.) Defendants ADC Director Dale Reed and EARU Warden Jeremy Andrews allegedly reviewed Plaintiff's grievances about Defendant Timmons but failed to take corrective action against her. (*Id*.) For the following reasons, I concluded the Complaint should be dismissed with prejudice.

First, Plaintiff has named the Arkansas Department of Correction as a Defendant. But, it is well settled that prisons are not proper parties in § 1983 actions. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dep't of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004). Thus, Plaintiff has not pled a plausible § 1983 claim against the ADC.

Timmons, Reed, and Andrews are proper § 1983 defendants. But, Plaintiff's claims against them are time barred. The statute of limitations for § 1983 actions filed in Arkansas is three years. *Humphrey v. Eureka Gardens Pub. Facility Bd*., 891 F.3d 1079, 1081 (8th Cir. 2018); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). This means Plaintiff had to file his §

1983 claims against Defendant Timmons on or before January 2020, which is three years from the last date she allegedly violated his constitutional rights. *See Humphrey*, 891 F.3d at 1081. According to the documents attached to the Complaint, Defendant Andrews' last day of involvement in Plaintiff's claims was in March 2017 and Defendant Reed's was in May 2017. (Doc. 2 at 14-19.)  Thus, Plaintiff was required to file his § 1983 claims against them before March 2020 and May 2020, respectively.  Plaintiff filed this lawsuit on November 10, 2020, which was beyond the limitations period.

This is not the first time Plaintiff raised § 1983 claims about being burned while working in the EARU kitchen.  On June 20, 2017, Plaintiff filed two § 1983 Complaints, which were consolidated, alleging Defendants Timmons, Andrews, and other ADC officials violated his constitutional rights in connection with burns he sustained in December 2016.  *See Hernandez v. Timmons*, 2:17-cv-107-JM; *Hernandez v. Timmons,* 2:17-cv-111-BSM.  He did not name Reed as a Defendant.  *Id.*  On November 9, 2017, Plaintiff voluntarily dismissed his consolidated lawsuit, and he did not appeal. *See Hernandez v. Timmons*, 2:17-cv-107-JM (Docs. 27, 28.) Pursuant to the Arkansas savings statute, Plaintiff had one year, which was November 10, 2018, to refile his § 1983 claim against Defendants Timmons and Andrews. *See* Ark. Code Ann. § 16-56-126; *Baker v. Chisom,* 501 F.3d 920, 922 (8th Cir. 2007) (applying Arkansas's savings statute to § 1983 claims).  Because he did not do so until November 10, 2020, Plaintiff's § 1983 claims are time barred.  Accordingly, I recommend the Complaint be dismissed with prejudice and that a strike be imposed under 28 U.S.C. § 1915(g).[1]  *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

1992) (a district court may *sua sponte* dismiss an *in forma pauperis* case as "frivolous" when it is apparent from the face of the complaint that the statute of limitations has run); *Housley v. Erwin*, No. 08-1732, 2009 WL 1444182 (8th Cir. May 26, 2009) (unpublished opinion) (same).

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED with prejudice.

2. Dismissal count as a strike under 28 U.S.C. § 1915(g).

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of November 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

danger of serious physical injury."