IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ANAEL CASTRO-HERNANDEZ                                                                    PLAINTIFF
ADC #159201

v.                                          2:20-cv-00225-LPR-JJV

ARKANSAS DEPARTMENT OF CORRECTION; *et al.*                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.   DISCUSSION**

Anael Castro-Hernandez ("Plaintiff") is a prisoner in the Delta Regional Unit of the Arkansas Division of Correction ("ADC").  In November 2020, he filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that, in 2016 and 2017, Defendants violated his constitutional rights while he was in the East Arkansas Regional Unit  (Doc. 2.)  On November

1

18, 2020, I issued a Recommended Disposition suggesting that, pursuant to screening mandated by 28 U.S.C. § 1915A, Plaintiff's claim against:   (1) the ADC be dismissed with prejudice because it is not a proper defendant in a § 1983 action; and (2) Defendants Timmons, Reed, and Andrews be dismissed with prejudice as being barred by the statute of limitations.[1]   (Doc. 4.)   On December 11, 2020, the Court adopted the first recommendation and dismissed the ADC with prejudice.   (Doc. 12.)   In contrast, the Court declined the second recommendation, in an abundance of caution, to give Plaintiff the opportunity to amend his Complaint to show a continuing series of events within the limitations period.   (*Id*.)

On December 18, 2020, I gave Plaintiff thirty days to file an Amended Complaint that complied with the December 11, 2020 Order and the Federal Rules of Civil Procedure.   (Doc. 13.)   On January 19, 2021, I granted Plaintiff's request for an extension of time and cautioned him I would recommend dismissal if he did not file an Amended Complaint within thirty days.   (Doc. 15.)   I subsequently denied Plaintiff's request for discovery as premature and his second request for an extension of time because he did not need to include evidence of exhaustion with his Amended Complaint.   (Docs. 17, 20.)

The time for Plaintiff to file an Amended Complaint including a claim that falls within the limitations period has expired. Thus, for the reasons explained in my prior Recommended Disposition (Doc. 4., I recommend Plaintiff's claims against Defendants Timmons, Reed, and Andrews be dismissed with prejudice as being barred by the statute of limitations.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims against Defendants Timmons, Reed, and Andrews be DISMISSED with prejudice, and this case be CLOSED.

2. Dismissal count as a strike under 28 U.S.C. § 1915(g).[2]

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 2nd day of March 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."